IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAY 1 9 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, | § § § § § | |
| v. | § § | |
| MARINEMAX SERVICES, INC., and MARINEMAX TX, L.P., <br> Defendants | § § § § § | CIVIL ACTION NO. H-04-3111 |
| and | § § | |
| DONNA WHITMAN, <br> Plaintiff-Intervenor, | § § § § | JURY TRIAL DEMANDED |
| v. | § § § | |
| MARINEMAX SERVICES, INC., and MARINEMAX TX, L.P., <br> Defendants. | § § § § | |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), Intervenor, Donna Whitman, and Defendants, MarineMax Services, Inc. and MarineMax TX, L.P. (collectively referred to herein as "Defendant" or "MarineMax"), agree to entry of this Consent Decree.

Background and History of Proceedings:

(a)  Charging Party Donna Whitman ("Charging Party" or "Whitman"), filed a Charge of Discrimination with the Commission, Charge No. 330-2003-03299, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), alleging she was subjected to a sexually hostile work environment and disparate terms, conditions and privileges of employment because

of her sex, female, while employed by MarineMax and discharged in retaliation for complaining about the alleged misconduct.

(b) On August 4, 2004, after investigating the Charge and finding reasonable cause to believe that violations of Federal statutes occurred, the Commission commenced this action alleging that the Defendant's conduct toward the Charging Party constituted unlawful discrimination on the basis of sex in violation of Title VII and Charging Party intervened as a party plaintiff in this action.

(c) Defendant denied and continues to deny the allegations of sex discrimination, hostile work environment, harassment and retaliation.

(d) The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. The parties agree that this Consent Decree is being entered into for the purpose of compromising disputed claims without the necessity for protracted litigation. Defendant does not admit liability or wrong doing of any kind.

(e) The Commission, Intervenor and Defendant stipulate to the jurisdiction of the Court and to satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED:

i. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in Civil Action No. H-04-3111 or which could have been asserted therein, and the above-referenced Charge on behalf of Donna Whitman.

ii. Defendant agrees to not engage in any employment practices which have the purpose of discriminating against any individual with respect to compensation, terms, conditions

or privileges of employment because of such individual's sex, as prohibited by Title VII of the Civil Rights Act of 1964, as amended, and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII.

   iii. Annually, for two years from the entry of this Decree, Defendant will provide, using either an attorney or an independent experienced training person or group, a program on sex discrimination under Title VII, to its Houston managers, its executive officers and Human Resources professionals. The initial training shall be completed no later than September 30, 2005, or within six months from the date the Consent Decree is entered, whichever date is later. Defendant shall submit to the EEOC each year, at least thirty (30) days in advance of the program, the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. Written or electronic acknowledgment of receipt of the training shall be obtained by Defendant from all individuals attending the training and retained among the employment records of MarineMax, and also copies shall be forwarded to the EEOC's undersigned counsel.

   iv. Defendant will maintain its written equal employment opportunity policy which sets forth the requirements of Federal laws against employment discrimination and that specifically includes that it is unlawful to retaliate against any current or former employee for opposing any practice made unlawful by Title VII. It will republish its policy each year by email or by reposting at the facilities covered hereunder during the term of this Decree.

     v.     For the duration of this Decree, Defendant shall maintain a record of all Houston area employees who internally report or complain of sex discrimination, including sexual harassment, and/or retaliation, specifying the complaining employee's name, job title, address, telephone number, and identifying the name and job title of the individual about whom the complaint is made. Defendant shall provide the EEOC with a copy of this report and shall also state how Defendant responded to each such complaint, including what discipline, if any, was imposed. This report shall be directed to the attention of the undersigned counsel for the Commission on an annual basis.

     vi.     Defendant agrees to pay the total sum of THIRTY THOUSAND DOLLARS ($30,000.00) in full and final settlement of the EEOC's and Intervenor's lawsuit to provide monetary relief to Intervenor, Donna Whitman. Whitman shall be obligated to sign a full and complete release of all claims she might have against Defendant. A copy of the check shall be sent concurrently to the EEOC's undersigned counsel.

     vii.     Defendant agrees to issue Internal Revenue Service ("IRS") Form 1099 or an equivalent form to Ms. Whitman who will have the sole responsibility for paying any federal, state or local taxes, including federal income tax that may be due on the aforementioned monetary award.

     viii.     Each party to this action shall bear its own costs and attorney's fees.

     ix.     This Consent Decree shall be binding on the Defendant and all of Defendant's successor's-in-interest and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

     x.     This Decree shall remain in effect for two years from the date of signing.

xi. During the period this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Consent Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC is specifically authorized to seek Court-ordered enforcement of this Consent Decree in the event of a breach of any provisions herein. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces in the future for any alleged violations by MarineMax not resolved by this Decree.

xii. Each signatory certifies that he or she is authorized to execute this document on behalf of the party or parties whom he or she represents.

Signed this __19th__ day of __May__, 2005, ~~at Houston, Texas.~~

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

| ATTORNEY FOR PLAINTIFF<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION | ATTORNEY FOR DEFENDANTS<br>MARINEMAX SERVICES, INC. AND<br>MARINEMAX TX L.P. |
|---|---|
| By: *Aimee L. McFerren* (signature) | By: *A. J. Harper II* (signature) by permission aem |
| Aimee L. McFerren<br>Kentucky Bar No.: 89912<br>Southern District No.: 36953<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>1919 Smith Street, 7th Floor<br>Houston, Texas 77002-8049<br>Telephone: 713-209-3323<br>Fax: 713-209-3402 | A. J. Harper II<br>Texas Bar No. 09031000<br>Southern District No. 5158<br>Of Counsel:<br>Fulbright & Jaworski L.L.P.<br>1301 McKinney, Suite5100<br>Houston, Texas 77010-3095<br>Telephone: 713-651-5246<br>Fax: 713-651-5442 |

ATTORNEY FOR INTERVENOR
DONNA WHITMAN

By: *Ian Scharfman* (signature) by permission aem

Ian Scharfman
Texas Bar No.: 00788360
Southern District No. 16823
Of Counsel:
Shellist, Lore & Lazarz, Ltd. L.L.P.
1900 West Loop South, Suite 1910
Houston, Texas 77027
Telephone: (713) 621-2277
Fax: (713) 621-0993